JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| RM ACAPULCO LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> EL ACAPULCO RESTAURANT, INC., a California corporation; CLEMENTINA ZAMORA, an individual, <br><br> Defendants. | Case No.  SACV12-785 JST (JPRx) <br><br> Complaint Filed: May 17, 2012 <br><br> **CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

WHEREAS, Plaintiff RM ACAPULCO LLC (the "Plaintiff") and Defendants EL ACAPULCO RESTAURANT, INC. and CLEMENTINA ZAMORA (collectively, the "Defendants") have agreed to settlement of the matters at issue among them and to

- 1 -
**CONSENT JUDGMENT AND PERMANENT INJUNCTION**

entry of this Consent Judgment and Permanent Injunction, it is hereby **ORDERED, ADJUDGED, AND DECREED THAT**:

1. This is an action for (1) federal trademark infringement under the trademark laws of the United States, 15 U.S.C. § 1114; (2) unfair competition under 15 U.S.C. § 1125(a); (3) trademark dilution under 15 U.S.C. § 1125(c); (4) unfair competition under California Business and Professional Code § 17200; and, (5) common law unfair competition.

2. This Court has jurisdiction over all of the parties in this action and over the subject matter in issue based on 15 U.S.C. § 1121 and 28 U.S.C. §§ 1338 and 1367. This Court further has continuing jurisdiction to enforce the terms and provisions of this Consent Judgment and Permanent Injunction. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff RM Acapulco LLC is a Delaware limited liability company with its principal place of business at 5660 Katella Avenue, Suite 100, Cypress, California 90630.

4. Defendant El Acapulco Restaurant, Inc. is a California corporation having its principal place of business at 515 E. 6th Street, Corona, California 92879.

5. Defendant Clementina Zamora ("Zamora") is an individual residing within this District, and is the owner of El Acapulco Restaurant, Inc. ("El Acapulco").

6. Since at least as early as the 1960s, Plaintiff and its predecessors in interest have exclusively and continuously used the ACAPULCO® mark in connection with restaurant services in the United States.

7. Plaintiff owns all rights, title and interest in and to the ACAPULCO® mark in connection with restaurant services. In addition to long standing common law trademark rights, Plaintiff owns the U.S. federal trademark registrations listed below, each of which is valid and subsisting, incontestable, uncancelled and unrevoked.

Case 8:12-cv-00785-JLS-JPR   Document 12   Filed 07/17/12   Page 3 of 6   Page ID #:57

| Mark | Reg. No. | Reg. Date | Goods and Services |
|---|---|---|---|
| ACAPULCO | 1,411,761 | 09/30/1986 | Restaurant and cantina services. |
| ACAPULCO MEXICAN RESTAURANT Y CANTINA and Design | 2,115,063 | 11/25/1997 | Restaurant and cantina services. |

(collectively, the "ACAPULCO® Marks").

8. Plaintiff has invested substantial resources to develop, promote, maintain, enforce and protect its ACAPULCO® Marks, in the United States.

9. The ACAPULCO® Marks were strong, distinctive and famous long before Defendants adopted and began using the ACAPULCO term. Plaintiff operates eighteen (18) restaurant locations throughout California and Oregon that bear the famous ACAPULCO® mark in connection with restaurant services.

10. El Acapulco and Zamora have allegedly been using the ACAPULCO mark in connection with restaurant services.

11. Defendants allegedly began using the ACAPULCO mark long after the Plaintiff's use and registration of the ACAPULCO® Marks, and allegedly continue to use the ACAPULCO mark in connection with the promotion and sales of its competing restaurant services.

12. Plaintiff has not licensed any of the Defendants to use any of the ACAPULCO® Marks for any purpose.

13. Defendants have allegedly been using the ACAPULCO mark, in

- 3 -
**CONSENT JUDGMENT AND PERMANENT INJUNCTION**

connection with their restaurant services, in a manner that allegedly is in violation of Plaintiffs' trademark rights under Lanham Act, 15 U.S.C. § 1051, *et. seq.*, to the alleged substantial and irreparable injury of the public and of the Plaintiff's business reputation and goodwill.

14. Defendants, their officers, directors, agents, servants, employees, and all persons and/or entities acting for, with, by, through, and/or in concert and participation with them, or any of them, are hereby permanently enjoined from engaging in any of the following activities:

(a) using Plaintiff's ACAPULCO® Marks, or any colorable imitation thereof, in connection with restaurant or other services or with any goods;

(b) any other uses of the ACAPULCO® mark or any colorable imitation thereof, including on promotional materials, menus, sales materials or business development materials, including without limitation, in association with any website or domain name, external signage or any other uses in which the mark is utilized, printed, publicized, posted, disseminated or distributed;

(c) using any unauthorized copy or colorable imitation of the ACAPULCO® mark in such fashion as is likely to relate or connect Defendants with the Plaintiff;

(d) using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to believe mistakenly that any product or service advertised, promoted, offered, or sold by Defendants is sponsored, endorsed, connected with, approved, or authorized by the Plaintiff;

(e) causing likelihood of confusion or injury to Plaintiff's business reputation and to the distinctiveness of the ACAPULCO® Marks by

- 4 -
**CONSENT JUDGMENT AND PERMANENT INJUNCTION**

unauthorized use of a confusingly similar mark or design;

(f) engaging in any other activity constituting unfair competition or infringement of the ACAPULCO® marks or the Plaintiff's rights in, or to use, or to exploit the same;

(g) representing in any manner, or by any method whatsoever, that Defendants own a federal trademark registration for any of the Plaintiff's ACAPULCO® Marks;

(h) unfairly competing with Plaintiff in any manner; and

(i) assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in subparagraphs (a) through (h) above.

15. In addition, Defendants shall not attempt to register any trademark which is a colorable imitation of or confusingly similar to any of Plaintiff's ACAPULCO® Marks.

16. Notwithstanding paragraph 14(a)-(i), Defendants and their principals, agents, servants, employees, successors, and assigns of and all those in privity or concert with Defendants, shall have thirty (30) days from the entry of this Injunction to change or otherwise cease use of the ACAPULCO mark on all signage that exists at the time of entry of this Consent Judgment and Permanent Injunction as an Order.

17. Notwithstanding paragraph 14(a)-(i), Defendants and their principals, agents, servants, employees, successors, and assigns of and all those in privity or concert with Defendants, shall not be liable for a violation of this Consent Judgment and Permanent Injunction as a result of any current telephone book advertising or telephone book listings, provided that Defendants and their principals, agents, servants, employees, successors, and assigns and all those in privity or concert with Defendants, do not renew the current telephone book advertising or listings and let them expire.

18. Notwithstanding paragraph 14(a)-(i), Defendants and their principals,

**CONSENT JUDGMENT AND PERMANENT INJUNCTION**

agents, servants, employees, successors, and assigns of and all those in privity or concert with Defendants, shall have sixty (60) days from the entry of this Injunction to change or otherwise cease use of the ACAPULCO mark on all other remaining materials, including without limitation, menus, promotional materials, social media, sales materials, website content, and any other content with which the ACAPULCO mark, or any colorable imitation thereof, was used or associated, that exists at the time of entry of this Consent Judgment and Permanent Injunction as an Order.

19.  Defendants shall serve on Plaintiff, within sixty (60) days after entry of this Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the terms of this Injunction.

20.  Service by mail upon Defendants, addressed to Clementina Zamora, 515 E. 6th Street, Corona, California 92879 with a copy to Heine Law Group, 2209 E. Chapman Avenue, Suite A, Fullerton, CA 92831, of a copy of this Consent Judgment and Permanent Injunction entered by the Court is deemed sufficient notice under Federal Rule of Civil Procedure 65. It shall not be necessary for any of the Defendants to sign any form of acknowledgement of service.

21.  The parties shall bear their own attorneys' fees and costs.

22.  This stipulated Consent Judgment and Permanent Injunction sets for the complete and final judgment in this action.

**IT IS SO ORDERED**:

Dated: July 17, 2012

By: _____
    Hon. Josephine Staton Tucker
    United States District Judge

- 6 -
**CONSENT JUDGMENT AND PERMANENT INJUNCTION**